IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**JAMIE MEADE, et al.,**                      CASE NO. 3:25 CV 1805

     Plaintiffs,

     v.                                    JUDGE JAMES R. KNEPP II

**HANCOCK COUNTY, et al.,**

     Defendants.                    **MEMORANDUM OPINION AND ORDER**

## BACKGROUND

*Pro se* Plaintiffs Jamie and Aaron Meade filed a fee-paid Complaint in this case against Hancock County, Ohio; Hancock County Jobs and Family Services ("HCJFS") employees Randall Galbraith (Director) and Kelli Miller (Supervisor/Administrator of HCJFS's Children's Protective Services Unit); the current foster parent of two minor children, C.H and E.F.; Judge Kristen K. Johnson of the Hancock County Court of Common Pleas, Juvenile Division; and Dr. Randall Schlievert, medical provider and expert. (Doc. 1).

In their Complaint, Plaintiffs challenge Judge Johnson's June 23, 2025, decision in state juvenile court proceedings involving the custody of minor children, C.H. and E.F. *See* Doc. 1, at 3; Doc. 3-5; *In the Matters of C.H. and E.F.*, Case Nos. 2024 and 0029 and 2024 and 0030 (Hancock Cnty. Ct. of Comm. Pls. Juv. Div.). Plaintiffs' pleading indicates C.H. and E.F. were taken into state custody and placed in foster care after evidence of abuse in the family. Plaintiffs are the paternal grandparents of the children. In her written June 2025 decision, Judge Johnson denied Plaintiffs' Motions to Intervene (in the state juvenile court cases) and for Third-Party Custody of C.H. and E.F. after reviewing evidence and hearing testimony, including from the

children's current foster parent and Dr. Schlievert. *See* Doc. 3-5. Plaintiffs subsequently filed a motion to vacate the Judge's June 23, 2025, decision; the Judge stayed ruling on the motion pending an appeal Plaintiffs filed in state court. *See* Doc. 3-11.

In their Complaint, Plaintiffs challenge Judge Johnson's determinations and contend Defendants violated their federal rights and state law in connection with the placement and custody proceedings. They seek declaratory, monetary, and injunctive relief, including an "order halting any adoption, guardianship, or permanent placement" of the children in the state proceedings, granting them immediate visitation, and for "preliminary and permanent injunctive relief compelling Defendants to comply with federal and state kinship placement laws." (Doc. 1, at 42, ¶ 9).

Plaintiffs also filed a Verified Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, in which they similarly challenge the lawfulness of the state proceedings and custody and placement determinations made with respect to C.H. and E.F.; it requests similar relief, including for the Court to enjoin "Defendants from moving forward with termination of parental rights or adoption proceedings" until lawful kinship review and determinations for all qualified relatives have been completed. (Doc. 3, at 13-14, ¶ V).

For the following reasons, Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction is denied, and their Complaint is dismissed.

## STANDARD OF REVIEW AND DISCUSSION

Federal courts are courts of limited jurisdiction, have a duty to examine their jurisdiction in every case, and must dismiss any case in which they determine federal subject-matter jurisdiction is lacking. *See, e.g.*, *Nikolao v. Lyon*, 875 F.3d 310, 315 (6th Cir. 2017); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l*, 556 F.3d 459, 465 (6th Cir. 2009). Federal Civil

2

Rule 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Upon review, the Court finds that Plaintiffs' Complaint warrants dismissal for lack of subject-matter jurisdiction.

Federal courts lack jurisdiction over domestic relations matters. *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003). "Rather, state courts have exclusive jurisdiction over these matters." *Id.* "Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones, . . . federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues." *Id.* The domestic relations exception precludes federal courts from hearing cases "involving the issuance of a divorce, alimony, or child custody decree[.]" *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992).

Here, although Plaintiffs assert violations of their federal rights, the core concern of their Complaint, the custody of C.H. and E.F., is a domestic relations matter over which federal courts lack jurisdiction. *See, e.g.*, *Danforth*, 76 F. App'x at 616-17 (holding a district court appropriately applied the domestic relations exception to preclude subject-matter jurisdiction where a plaintiff's constitutional claims were "a pretense to obtain federal review of domestic relations matters"); *Edelstein v. Flottman*, 2025 WL 609487, at *3 (6th Cir.) (finding dismissal appropriate where plaintiffs "couched their claims" in terms of constitutional violations, but "the substance of the claims revolves around [a] state courts' decisions in the domestic-relations proceedings as they relate to [child] custody and [family] visitation rights").

Further, even if the Court had jurisdiction, it must abstain from exercising jurisdiction under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37, 44-45 (1971), which

3

precludes federal courts from interfering with pending state proceedings involving important state interests unless extraordinary circumstances are present. "*Younger* abstention applies when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998); *see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

The Supreme Court has recognized abstention is appropriate in the context of state child custody and support proceedings because "[f]amily relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979). Likewise, the Sixth Circuit has recognized that "abstention is generally appropriate in matters of family relations such as child custody." *Meyers v. Franklin Cnty. Ct. of Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001) (applying abstention doctrine to dismiss plaintiffs' challenge to juvenile court procedures used to temporarily remove children from their custody); *see also Furr-Barry v. Underwood*, 59 F. App'x 796, 797 (6th Cir 2003) (holding the district court properly dismissed, on the basis of *Younger*, a grandmother's action to enjoin state juvenile court proceedings adjudicating custody of her grandchildren).

The Court finds abstention warranted here. Plaintiffs do not allege that a final judgment has been entered in the child-custody proceedings. Those ongoing proceedings implicate important state interests. And Plaintiffs have not demonstrated that the state court proceedings do not provide them an adequate opportunity to raise their federal concerns. *See Furr-Barry*, 59 F. App'x at 797 (affirming application of *Younger* where a case was pending in a Tennessee juvenile court and

4

"there was no evidence that the state court proceedings did not provide an opportunity for [the plaintiff] to raise her constitutional claims").[1]

In light of the Court's determination that Plaintiffs' Complaint does not raise matters over which the Court may exercise subject-matter jurisdiction, Plaintiffs are not entitled to the extraordinary remedy of a temporary restraining order. *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (stating preliminary injunctive relief is an "extraordinary and drastic remedy" and should "only be awarded upon a clear showing that the plaintiff is entitled to such relief").

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiffs' Motion for a Temporary Restraining Order be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that Plaintiffs' Complaint, be and the same hereby is, DISMISSED for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and *Younger v. Harris*.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: September 4, 2025

---

1. In fact, Plaintiffs have filed objections to and an appeal of Judge Johnson's June 23, 2025, order in the Ohio state courts, which are still pending. This Court will not interfere with pending state juvenile court proceedings.