IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**JAMIE MEADE, et al.,**                    CASE NO. 3:25 CV 1805

    Plaintiffs,

    v.                                    JUDGE JAMES R. KNEPP II

**HANCOCK COUNTY et al.,**

    Defendants.                    **ORDER**

*Pro se* Plaintiffs Jamie and Aaron Meade have filed a motion pursuant to Federal Civil Rules 59(e) or 60(b) to alter or amend this Court's Judgment dismissing their Complaint for lack of jurisdiction, and for leave to file an amended complaint. (Doc. 9). The motion is DENIED.

The disposition of a motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) is entrusted to "the informed discretion of the district court[.]" *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). Such motions are generally only granted when the moving party demonstrates: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

Federal Civil Rule 60(b) provides a court may relieve a party from a final judgment, order, or proceeding only for six enumerated reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief from a judgment under the residual clause of Rule 60(b)(6) may form the basis for relief from judgment "only in exceptional or extraordinary circumstances." *Lewis v. Alexander*, 987 F.2d 392, 395 (6th Cir. 1993) (internal quotation and citation omitted).

The Court finds Plaintiffs have not demonstrated a valid basis to alter, amend, or obtain relief from its judgment under either Rule 59(e) or Rule 60(b).

The Court dismissed Plaintiffs' complaint for lack of federal subject matter jurisdiction because Plaintiffs complained of, and sought to overturn or interfere with, a state-court decision or decisions involving the custody of minor children. Federal district courts lack jurisdiction to overturn state decisions or to review state domestic relations matters, which are matters of state concern, or to interfere with pending state domestic relations proceedings. *See, e.g.*, *Holt v. Cuyahoga Cnty. Ct. of Common Pleas*, 2025 WL 2410991, at *2-3 (N.D. Ohio) (holding that the *Rooker-Feldman* doctrine barred the plaintiff's claims to the extent they challenged a state court's child custody determination, and that federal courts must defer to state proceedings involving child custody matters under the *Younger* abstention doctrine).

Plaintiffs appear to recognize as much and state in their motion they wish to file an amended complaint alleging only damages claims under 42 U.S.C. § 1983 for violations of their First Amendment right to familial association and their Fourteenth Amendment rights to Due Process and Equal Protection involving the custody of their grandchildren. *See* Doc. 9, at 1. But parties may not seek to amend a complaint after judgment to correct "holes in their arguments"

and "reopen [a] case" as Plaintiffs seek to do here. *General Motors, LLC v. FCA US, LLC*, 44 F.4th 548, 563-64 (6th Cir. 2022) (internal quotation and citation omitted).

Further, the Court finds Plaintiffs' proposed amended complaint (Doc. 9-1) does not allege a plausible constitutional claim under § 1983. *See, e.g.*, *Russell v. Sanilac Cnty.*, 2015 WL 5626628, at *3-4 (E.D. Mich.) (dismissing a grandmother's § 1983 complaint claiming violations of her First Amendment right to familial association and her Fourteenth Amendment right to due process involving the custody of her grandchildren); *Delaney v. Va. Dep't of Soc. Servs.*, 2024 WL 3625178, at *5-9 (E.D. Va.) (dismissing grandparents' § 1983 action involving custody of their infant grandson, including an equal protection claim).

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiffs' Motion to Alter or Amend the Court's Judgment and for Leave to File an Amended Complaint (Doc. 9) be, and the same hereby is, DENIED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: October 22, 2025